UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-806-GCM
(3:01-cr-34-GCM-1)

| | |
|---|---|
| ERIC C. HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).

**I.    BACKGROUND**

On September 26, 2001, Petitioner pled guilty without a written plea agreement in this Court to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. No. 3:01-cr-34, Doc. No. 11: Entry and Acceptance of Guilty Plea). The underlying state court felony was a conviction on June 7, 2000, for conspiracy to commit armed robbery in Mecklenburg County. <u>See</u> (<u>Id.</u>, Doc. No. 1: Indictment). On February 19, 2002, Petitioner was sentenced in this Court to 100 months' imprisonment for the Section 922(g)(1) conviction.[1] (<u>Id.</u>, Doc. No. 17: Judgment).

---

[1] The Bureau of Prisons web site indicates that Petitioner is scheduled to be released on September 28, 2013.

1

Petitioner appealed, and the Fourth Circuit affirmed the conviction in an unpublished opinion on October 9, 2002. United States v. Henderson, 48 F. App'x 455 (4th Cir. 2002). The U.S. Supreme Court denied certiorari on February 24, 2003. Henderson v. United States, 537 U.S. 1218 (2003). On November 28, 2012, Petitioner placed the instant motion to vacate in the prison mail system, and the motion was stamp-filed in this Court on December 5, 2012. In the motion, Petitioner argues that, under Simmons, his prior state court conviction does not qualify as a predicate felony for purposes of his Section 922(g) conviction.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final on February 24, 2003, when the Supreme Court denied certiorari. See Clay v. United States, 537 U.S. 522, 530 (2003). Since Petitioner did not file his Section 2255 motion to vacate until on or around November 28, 2012, his motion is therefore subject to dismissal as untimely under Section 2255(f)(1), and none of the other time periods set forth under Section 2255(f) applies. In any

event, even if Petitioner's Section 2255 were not time-barred, he is not entitled to relief under Simmons. The underlying state court felony used to obtain the Section 922(g) conviction was for conspiracy to commit armed robbery in Mecklenburg County. Petitioner was convicted on June 7, 2000, and the conviction carried with it a sentence from one year and three months to two years and three months.[2] Given that the underlying state court felony carried with it a sentence of more than one year, Petitioner is simply not entitled to relief under Simmons.[3] Therefore, the petition would be subject to dismissal on the merits even if it were not time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

---

[2] The website for the North Carolina Department of Public Safety indicates that Petitioner was credited with time served for the sentence.

[3] Petitioner appears to be contending in his motion to vacate that he was given the wrong sentence for his underlying state court conviction, and that his sentence for the state court conviction should have been for less than one year. A Simmons action is not the proper vehicle for challenging the underlying state court conviction, or the sentence for that conviction. That is, in determining whether a petitioner is entitled to relief under Simmons, the Court does not review the correctness of the underlying state court conviction or the sentence. In determining whether a petition is entitled to Simmons relief, this Court merely determines whether the underlying sentence was for more than one year.

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 12, 2013

Graham C. Mullen
United States District Judge